IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| WRIGHT-PATT CREDIT UNION, | : | |
| Plaintiff, | | Case No. 3:25-cv-107 |
| v. | : | JUDGE WALTER H. RICE |
| ATM SOLUTIONS, INC., | | |
| Defendant. | : | |

---

DECISION AND ENTRY OVERRULING AS MOOT PLAINTIFF WRIGHT-PATT CREDIT UNION'S SECOND MOTION FOR PREJUDGMENT ATTACHMENT (DOC. 7); SUSTAINING DEFENDANT ATM SOLUTIONS, INC.'S MOTION TO DISMISS PLAINTIFF'S APPLICATION FOR PREJUDGMENT ATTACHMENT (DOC. #24)

---

Before the Court is the Second Motion for Prejudgment Attachment filed by Plaintiff Wright-Patt Credit Union ("Plaintiff"). Doc. #7. Defendant ATM Solutions, Inc. ("Defendant"), filed a memorandum in opposition to the motion, Doc. #17, and Plaintiff filed a reply in support. Doc. #23. Two days after the close of briefing, Defendant filed a Motion to Dismiss Plaintiff's Application for Prejudgment Attachment, stating that Plaintiff's motion was rendered moot. Doc. #24. Plaintiff filed a memorandum in opposition, Doc. #26, and Defendant filed a reply in support of their motion. Doc. #27. After the reply was filed the Court asked Plaintiff to provide additional briefing on the issue of mootness. Doc. #28. Plaintiff provided

this additional briefing on June 23, 2025. Doc. #29. For the reasons set out below, Defendant's Motion to Dismiss Plaintiff's Application for Prejudgment Attachment is SUSTAINED and Plaintiff's Second Motion for Prejudgment Attachment is OVERRULED AS MOOT.

Plaintiff challenges Defendant's motion as procedurally improper. Doc. #26, PageID #318–19. Federal Rule of Civil Procedure 7(b)(1) defines a motion as a request for the court to issue an order. Plaintiff correctly identifies that there is nothing in either R.C. § 2715.01, *et seq.*, or the Federal Rules of Civil Procedure specifically permitting a party to file a motion seeking to dismiss another motion. However, a court retains authority to issue an order dismissing a motion, so it stands to reason that a party must be able to move the court seeking such an order. Therefore, the Court finds that, although unusual, Defendant's motion seeking to dismiss Plaintiff's motion is not procedurally improper.

Defendant's lone argument is that the removal of funds and closure of the US Bank account moots Plaintiff's motion. It is well established that Ohio's attachment statute does not apply to assets located outside of Ohio. *EBSCO Indus., Inc. v. Lilly*, 840 F.2d 333, 336 (6th Cir. 1988); *PCA-Corrections, LLC v. Akron Healthcare LLC*, No. 1:20-cv-428, 2021 WL 1582984 (S.D. Ohio Apr. 22, 2021). Courts applying Ohio's attachment statute have denied attachment motions on jurisdictional grounds because they seek to attach assets exclusively outside of

2

Ohio. *PCA-Corrections, LLC*, 2021 WL 1582984 at *2; *Ashton Park Apartments, Ltd. v. Lebor*, 252 F.Supp.2d 539, 549 (N.D. Ohio 2003).

In the Court's mind, these new facts raise serious questions about whether Plaintiff's motion is moot. Courts are restricted to deciding motions that would affect the legal interests of the parties. *In re Kramer*, 71 F.4th 428, 438 (6th Cir. 2023). If a ruling would not affect the legal interests of the parties, an issue is constitutionally moot. *Id.* Here, granting Plaintiff's motion would not affect the legal interests of the parties, because the only property listed to be attached, the U.S. Bank account, no longer exists.

Plaintiff makes several attempts to distinguish their motion from those cases. First, it argues that Defendant has shown no precedent for the idea that it may moot a fully briefed attachment motion by withdrawing the property out of the state. Doc. #29, PageID #330. Unfortunately, Plaintiff equally cannot show precedent that a fully briefed attachment motion may not be mooted if the property no longer exists within the court's jurisdiction. The Court is troubled by the idea that a future case could use this method in bad faith to deny a court the ability to grant effective relief, but without any showing that the Defendant removed or disposed of the property

3

with the intent to defraud the creditors—itself a ground for attachment under R.C. § 2715.01(A)(9)[1]—Plaintiff's argument fails.

Plaintiff argues that Defendant has not sufficiently shown that the account was closed through corroborating evidence such as documentation from the bank itself. Doc. #29, PageID #330. Despite the lack of bank documentation, Defendant presented an affidavit from CEO Peter Handy, made under penalty of perjury, that the account was closed. Doc. #27-1, PageID #325. This Court finds that affidavit credible.

Plaintiff also argues that it is not required to make a showing that a bank account exists to meet the criteria for prejudgment attachment. Doc. #29, PageID #331. While it is true that nothing in the statutory framework requires affirmative and conclusive proof of the existence of an account, Plaintiff is required to make a description of the property to be attached, and therefore must be able to provide some indication that the account exists. R.C. § 2715.03(C). Ordinarily, this is met through exactly the mechanism Plaintiff employed in the motion and accompanying affidavit. However, where Defendant has provided countervailing

---

[1] Plaintiff invoked this ground, along with R.C. §2715.01(A)(10) in their Second Motion for Prejudgment Attachment. Doc. #7. While there is some support for the idea that Defendant fraudulently contracted the debt within the definition of (A)(10), there is little support for Plaintiff's claim that Defendant is fraudulently disposing or removing the property. In fact, on June 30, 2025, the Court of Common Pleas in Hamilton, Ohio appointed a receiver to ensure the proper liquidation and disposal of assets. Doc. #30-1.

evidence and cast doubt on the Court's ability to consider the motion under the rationale from *In re Kramer*, the original indication may not be sufficient.

Plaintiff then compares this case with *Stifel Fin. Corp. v. Iannarino*, No. 2:18-cv-1223, 2018 WL 6288020 (S.D. Ohio Dec. 3, 2018), in which the court ordered attachment on a bank account in which the movant subsequently found insufficient funds to cover the debt. There, the attaching party moved for, and was granted, an extension on the attachment to cover other banks. However, this case is different from *Stifel*. There, the original bank account attached was within the jurisdiction of the court, and the order was later extending to cover other banks. Here, Plaintiff seeks an order which would not attach any property at all, with the hope that it could later extend that order once attachable property was located. This request is not within this Court's ability to grant.

In their response to the Court's Order to Show Cause, Plaintiff posits that, even assuming the bank account is no longer able to be attached, Defendant still owns a fleet of vehicles within Ohio that it is or will be attempting to liquidate. Doc. #29, PageID #332. While these may constitute assets able to be attached under the statute, R.C. § 2715.03(C) requires the assets to be described in an affidavit. A thorough review of Daniel Smith's affidavit reveals no mention or description of any property other than the U.S. Bank Account. Doc. #7-1.

Therefore, Defendant's motion, Doc. #24, is SUSTAINED. Because it appears that the Plaintiff's Second Motion for Prejudgment Attachment, Doc. #7, seeks to attach property which no longer exists, it is OVERRULED AS MOOT.

Date: July 3, 2025  /s/ Walter H. Rice

WALTER H. RICE
UNITED STATES DISTRICT JUDGE